```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
                                        :      10 Civ. 6528 (DLC)
                                        :
IN RE: BOSTON GENERATING, LLC, et al.   :
                                        :         MEMORANDUM
                                        :      OPINION AND ORDER
                                        :
                                        :
----------------------------------------X
```

Appearances:

For Algonquin Gas Transmission, LLC:
Irena M. Goldstein
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
-and-
Bennett G. Young
Paul S. Jasper
Dewey & LeBoeuf LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

For the Debtors and Debtors-in-Possession:
D.J. Baker
Robert J. Rosenberg
James E. Brandt
Adrienne K. Eason Wheatley
Caroline A. Reckler
Kimberly A. Posin
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

DENISE COTE, District Judge:

    The debtors in a bankruptcy action currently proceeding in bankruptcy court in this jurisdiction[1] have moved to reject a

---

[1] The debtors are Boston Generating, LLC; EBG Holdings LLC; Fore River Development, LLC ("Fore River" or "the Debtor"); Mystic I, LLC; Mystic Development, LLC; BG New England Power Services,

contract for the transportation of natural gas to one of their power plants, the Fore River Plant.  Algonquin Gas Transmission, LLC ("Algonquin"), the counterparty to the transportation contract, opposes the motion.  For the following reasons, the motion is referred to the bankruptcy court for decision pursuant to the Bankruptcy Code.  In order to reject the contract, the Debtors must also obtain a ruling from FERC that abrogation of the contract does not contravene the public interest.

I. The HubLine Service Agreement

Fore River, one of the Debtors, owns the Fore River Plant, a power plant in Massachusetts that burns natural gas to generate electric power.[2]  The Fore River Plant is served by a natural gas pipeline built by Algonquin.  Fore River and Algonquin are parties to a service contract, called the HubLine Service Agreement ("HSA") that they entered on January 31, 2001.  Pursuant to the terms of the HSA, Algonquin guarantees Fore River the highest priority use of the transportation capacity of the pipeline from two points of origin to the Fore River Plant

---

Inc.; and BG Boston Services, LLC (collectively, "Debtors").  The bankruptcy is proceeding under docket number 10 Bankr. 14419 (SCC).

[2] Many of the background facts relevant to this motion are described in an Opinion and Order dated November 1, 2010, 2010 WL 4288171 ("November 1 Opinion").  Familiarity with the November 1 Opinion is assumed.

2

and sets the rates for using that capacity to transport gas through the pipeline.  The HSA also makes assurances regarding the pressure of the natural gas that is delivered to the Fore River Plant.  The term of the HSA is twenty years.

The rates that Fore River pays Algonquin for the services described in the HSA are contained in a rate schedule that is subject to the regulatory authority of the Federal Energy Regulatory Commission ("FERC" or "the Commission") by reason of its authority to implement the Natural Gas Act, 15 U.S.C. § 717 et seq. ("NGA").  The rate schedule was filed with FERC and approved most recently in February 2008.  Under the current terms of the contract, Fore River pays Algonquin a fixed monthly fee of approximately $719,000 to reserve capacity in the pipeline and a variable monthly fee based on its use of that capacity.


II.  Transporting Natural Gas to the Fore River Plant

The Fore River Plant uses only natural gas to generate power, and the only natural gas pipeline that serves the plant is the Algonquin pipeline.  Based on FERC rules requiring open access to natural gas pipelines, other companies, called "shippers," are also entitled to ship gas over the Algonquin pipeline.  Transportation capacity is made available to them on a non-discriminatory basis.  Although Fore River is guaranteed

highest priority access to the transportation capacity of the Algonquin pipeline by the HSA, it can choose to make use of that capacity, or it can choose to use the transportation capacity available from any other shipper.

Fore River prefers not to use the transportation capacity it is guaranteed under the HSA.  It describes the availability of gas at the two specified points of origin as "unreliable."  Additionally, Fore River has been able to procure natural gas for the Fore River Plant more cheaply using the services of other shippers.  From January 2008 through August 2010, Fore River purchased 76% of its natural gas without using the capacity it is guaranteed by the HSA.  Fore River represents that it can readily procure 100% of the natural gas it needs without relying on the HSA.  It has also explained that it does not require the pressure assurances made in the HSA because of equipment upgrades that have been made at the Fore River Plant.

III. Procedural History

A.  Bankruptcy Court Proceedings

The Debtors, including Fore River, filed for Chapter 11 bankruptcy on August 18, 2010.  On August 19, they filed a motion in that court seeking approval of several procedures, the result of which would be allow them to sell substantially all of their assets free and clear of all claims, liens, or

4

encumbrances pursuant to 11 U.S.C. § 363 (the "Sale Motion"). One of the assets the Debtors are seeking to sell is the Fore River Plant. On August 27, the Debtors filed a motion in the bankruptcy court seeking approval to reject the HSA pursuant to 11 U.S.C. § 365(a) (the "Rejection Motion").

    B.  FERC Sale Application

On the same day that the Debtors filed for bankruptcy, they initiated a proceeding before FERC (the "FERC Sale Application"). In that proceeding, the Debtors seek FERC's approval to sell the Fore River Plant pursuant to the Federal Power Act ("FPA"), 16 U.S.C. § 824(b). Regulatory approval of the sale is required. 16 U.S.C. §§ 824(b), 824b(a). The Debtors have sought an expedited resolution of the FERC Sale Application by December 1, 2010. Algonquin moved to intervene and oppose the FERC Sale Application by filing a protest on September 8 (the "Protest"). In the Protest, Algonquin argues, <u>inter alia</u>, that FERC should not approve the FERC Sale Application without requiring the Debtors to assume the HSA. The Debtors filed an answer to the Protest on September 23 in which they urge FERC to approve the FERC Sale Application notwithstanding the Protest.

    C.  District Court Proceedings

On September 2 and September 17, Algonquin moved to withdraw the reference to the bankruptcy court with respect to

the Rejection Motion and the Sale Motion, respectively.  The November 1 Opinion granted the motion to withdraw the reference with respect to the Rejection Motion because the Rejection Motion requires substantial consideration of non-bankruptcy federal law, see 28 U.S.C. § 157(d), and denied the motion to withdraw the Sale Motion.  The Sale Motion remains referred to the bankruptcy court.  By separate Order of November 1, both parties were directed to show cause by November 5 why this Court should not transfer the Rejection Motion back to the bankruptcy court for it to decide the motion pursuant to 11 U.S.C. § 365, on the condition that the Debtors must also obtain approval from FERC pursuant to the NGA to reject the HSA.  Each party provided responses on November 5.

      D.  The Parties' Positions on the Rejection Motion

Fore River supports transferring the motion back to the bankruptcy court for determination pursuant to 11 U.S.C. § 365. Fore River also supports an order which would require it to seek a ruling from FERC "whether rejection of the HSA conflicts with the filed rate doctrine and the public interest under the NGA."

Algonquin agrees that FERC must make the public interest determination that would permit Fore River to reject the HSA. It argues that any review of the FERC determination must lie with the Court of Appeals.  It agrees that the Rejection Motion can be transferred back to the bankruptcy court, but argues that

the bankruptcy court's ruling on the Rejection Motion must await FERC's determination that Fore River may reject the HSA.

Thus, the parties agree that the Debtors should seek FERC approval of their rejection of the HSA.  They also agree that as long as FERC approves terminating the contract, the bankruptcy court may determine whether the HSA can be rejected pursuant to the Bankruptcy Code.  Their sole remaining dispute is whether the bankruptcy court and FERC may consider the Rejection Motion concurrently or the bankruptcy court must wait until FERC has ruled.

Whether the bankruptcy court and FERC review the proposed rejection concurrently or serially is of no consequence.  If either the bankruptcy court or FERC does not approve the Debtors' rejection of the HSA, the Debtors may not reject the contract.  Accordingly, it is hereby

ORDERED that Fore River obtain a determination from FERC pursuant to the NGA whether it may reject the HSA.

IT IS FURTHER ORDERED that the motion to reject the HSA is terminated in this Court and referred again to the bankruptcy court pursuant to 28 U.S.C. § 157(a) for a ruling pursuant to 11

U.S.C. § 365. The Clerk of Court shall close this case in the District Court.

SO ORDERED:

Dated:  New York, New York
        November 12, 2010

```
                              _____
                                   DENISE COTE
                              United States District Judge
```